UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

―――――

ANTHONY MADDOX,

                    Plaintiff,                    Case No. 1:17-cv-657

v.                                            Honorable Paul L. Maloney

HEIDI E. WASHINGTON et al.,

                    Defendants.

_____/

## OPINION

        This is a civil rights action brought by a state prisoner, through counsel, pursuant to 42 U.S.C. § 1983. Plaintiff has paid the entire civil action filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Applying this standard, Plaintiff's action will be dismissed for failure to state a claim.

## Factual Allegations

        Plaintiff Anthony Maddox presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Michigan Reformatory (RMI). The actions about which he complains occurred both at RMI and at the Oaks Correctional Facility (ECF), where Plaintiff previously was housed. Plaintiff sues MDOC Director Heidi E. Washington, RMI Warden Carmen Palmer, and ECF Warden Thomas Mackie.

Plaintiff has been incarcerated with the MDOC since September 12, 2014. Prior to being imprisoned, the Social Security Administration determined that Plaintiff was fully disabled, due to his mental and physical ailments. Specifically, Plaintiff discusses his sleep apnea and his closed head injury. He also mentions in passing his mood disorder, memory loss, lack of concentration, sleep disorder, and breathing impairment. (Compl. ECF No. 1, PageID.6.)

Plaintiff alleges that Defendants violated his rights under the Eighth and Fourteenth Amendments. He contends that Defendants had "supervisory, policy making and custodial responsibilities" to Plaintiff and that they

> collectively and individually made decisions and enforced the decisions that have, to this date, prevented the Plaintiff from receiving medical treatment that has been prescribed and is known to be effective at no cost to Defendants and implemented hearings and imposed resultant discipline without compliance with rudimentary due process rights.

(*Id.*, PageID.5-6.) He asserts that Defendants had a special duty of care to Plaintiff, requiring them to safeguard Plaintiff from foreseeable threats of harm.

According to the complaint, Plaintiff requires a continuous positive airway pressure (CPAP) medical device to treat his sleep apnea. Plaintiff asserts that, absent the CPAP machine, he suffers "daytime dysfunction, lack of oxygenation, [and] impairment of brain function," leading to depression. (*Id.*, PageID.7.) Plaintiff presented his personally owned CPAP machine to prison officials and asked to be permitted to use it. Unspecified prison officials apparently declined to allow it.

In addition, Plaintiff alleges that his closed head injury causes him to slur his words. On October 12, 2014, Correctional Officer K. Sisson allegedly charged Plaintiff with a Class I misconduct for substance abuse, solely on the observation that Plaintiff's speech was slurred.

Plaintiff also was charged with Class II misconduct for interference with the administration of rules when he entered "into the day room as was his accepted and customary practice, pursuant to physician advice to eat food before ingesting his prescribed oral medication." (*Id.*, PageID.11-12.) On November 3, 2016, a disciplinary hearing was held, and Plaintiff was found guilty of both charges, despite the fact that no blood or breathalizer test was performed to confirm the officer's observations. These convictions, in turn, led to Plaintiff's loss of visitation for the period of a year.

Plaintiff contends that Defendant Wardens and Director of the MDOC deprived him of necessary medical treatment – the CPAP machine – in violation of his rights under the Eighth Amendment. Plaintiff also contends that Defendants violated the Eighth Amendment when they failed to ensure that Plaintiff received proper, though unspecified, care for his traumatic brain injury. In addition, he alleges that Defendants are responsible for the "deleterious effects on a disabled mentally ill person caused by the complete deprivation of all family visits," which, he contends, were arbitrarily and capriciously denied." (*Id.*, PageID.8.)

In addition, Plaintiff complains that Defendants violated his rights to procedural due process, when they found him guilty of the charged misconducts, despite having no objective tests to support the correctional officer's subjective observations. Finally, he alleges that the discipline Defendants imposed, including the loss of visitation, was arbitrary and capricious, in violation of his right to substantive due process.

For relief, Plaintiff seeks injunctive relief barring Defendants from operating their discipline system, together with compensatory and punitive damages.

**Discussion**

I.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by

- 4 -

a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A.    Supervisory Liability

Plaintiff alleges that Defendants had "supervisory, policy making and custodial responsibilities" to provide necessary health care, to ensure disciplinary proceedings that meet the requirements of due process, and to prevent the arbitrary and capricious imposition of disciplinary sanctions. (Compl., ECF No. 1, PageID.5) Plaintiff, however, makes absolutely no factual allegations about active conduct taken by the named Defendants.

Government officials may not be held individually liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to

allege that Defendants engaged in any active unconstitutional behavior. Plaintiff therefore fails to state a claim respecting Defendants' supervisory responsibility for their subordinates' alleged failures to adequately treat his medical needs, adequately conduct disciplinary proceedings, and adequately meet their duty of care.

B.     Violation of Policy

Plaintiff generally alleges that Defendants had a pattern or policy of depriving prisoners of CPAP machines and other necessary medical care. He also suggests that Defendants have implemented a disciplinary policy that violates procedural and substantive due process.

Plaintiff's claims concerning the existence of a policy or custom are wholly conclusory. Plaintiff neither cites prior incidents demonstrating a widespread pattern nor points to a particular policy. Instead, he simply asserts that such a policy or pattern exists. In fact, the only facts stated in the complaint have to do with Plaintiff's personal deprivation of a medical device by unknown persons and a guilty finding on two misconduct charges with which he disagrees. Such allegations utterly fail to allege or show the existence of an unconstitutional policy.

Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555 (2007). Plaintiff's complaint simply does not contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Moreover, the express policy of the MDOC directly contradicts Plaintiff's claim. Policy Directive 03.04.100 begins with the following policy statement: "Prisoners shall be provided with a continuum of medically necessary health care services that are supported by evidence based medical research." MICH. DEP'T OF CORR., Policy Directive 03.04.100. Plaintiff therefore fails to

allege facts supporting his claim the Defendants created or enforced a policy of not providing CPAP machines or other medical care. Further, Plaintiff utterly fails to point to a defect in the formal policy governing misconduct proceedings set forth in MICH. DEP'T OF CORR., Policy Directive 03.03.105.

For all these reasons, Plaintiff fails to allege facts suggesting that Defendants created or enforced an unconstitutional policy.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: __August 15, 2017_____     __/s/ Paul L. Maloney_____
                                        Paul L. Maloney
                                        United States District Judge

- 7 -